# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD V. SNOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01322-JPG |
| | ) | |
| JEREMY HENNING, | ) | |
| QUALITY INN HOTEL, | ) | |
| CASHIER CINDY, | ) | |
| and DEA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald Snowden, a detainee at Williamson County Jail located in Marion, Illinois, filed this *pro se* action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff claims he was lured to the front desk of a Quality Inn Hotel by the cashier ("Cashier Cindy") and arrested by Drug Enforcement Agent Jeremy Henning ("Agent Henning") on September 12, 2019. (Doc. 1, pp. 1-15). Agent Henning allegedly used excessive force during his arrest. (*Id.* at pp. 6, 9-12). Plaintiff asserts claims against Agent Henning, Cashier Cindy, Quality Inn Hotel, and the Drug Enforcement Agency ("DEA") of Carbondale, Illinois, for violations of his Fourth and/or Fourteenth Amendment rights and Illinois state law. (*Id.*). He seeks monetary relief. (*Id.* at pp. 7-12).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from a defendant

1

who is immune from relief. 28 U.S.C. § 1915A(b). All factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint (*Id*. at pp. 6, 9-12): On September 12, 2019, Plaintiff was arrested while paying for a room at the Quality Inn Hotel located in Carbondale, Illinois. (*Id*. at pp. 6, 9). The hotel cashier, Cindy, called him to the front desk allegedly knowing he would be arrested—an act Plaintiff refers to as an "obstruction of justice." (*Id*. at pp. 6, 9-10). As Plaintiff stood at the counter, Agent Henning pushed through the doors, approached him, and repeatedly punched him in the face. (*Id*. at pp. 6, 9). Plaintiff put up no resistance. (*Id*.). He suffered injuries to his left eye socket as a result of Agent Henning's actions. (*Id*. at pp. 6, 9-10). Plaintiff faults the Quality Inn for allowing this to happen and the DEA for failing to train, investigate, or discipline Agent Henning. (*Id*. at pp. 11-12).

Based on the allegations, the Court designates the following claims in this *pro se* action:

**Count 1:** Officer Henning subjected Plaintiff to the unauthorized use of force during his arrest at the Quality Inn Hotel on September 12, 2019, in violation of his rights under the Fourth and/or Fourteenth Amendments and *Bivens*. (*Id*. at pp. 9-10).

**Count 2:** Cashier Cindy and the Quality Inn Hotel obstructed justice by luring Plaintiff to the front desk of the hotel by asking him to pay for his room on September 12, 2019, in violation of Plaintiff's rights under the Fourth and/or Fourteenth Amendments and *Bivens*. (*Id*. at pp. 10-11).

**Count 3:** The Drug Enforcement Agency of Carbondale, Illinois, failed to train, investigate, discipline, and terminate Agent Henning for his misconduct, in violation of Plaintiff's rights under the Fourth and/or Fourteenth Amendments and *Bivens*. (*Id*. at pp. 11-12).

**Count 4:** Officer Henning committed battery against Plaintiff, in violation of Illinois state law. (*Id*. at p. 12).

**Any claim(s) encompassed by the allegations in the Complaint but not addressed herein is/are considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

### Counts 1 and 4

Plaintiff's excessive force claim in Count 1 is properly brought under the Fourth Amendment, if the injuries he received were inflicted before any judicial determination of probable cause, or under the Fourteenth Amendment, if the injuries occurred after this judicial determination. *Hill v. Murphy*, 785 F.3d 242 (7th Cir. 2005). Either way, the allegations in the Complaint articulate a claim against Agent Henning, who, without provocation, punched Plaintiff repeatedly in the face during his arrest. Count 1 shall proceed against Agent Henning.

Plaintiff's battery claim in Count 4 arises under Illinois tort law, not federal law. A district court may exercise supplemental jurisdiction over state law claims that are "so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The battery claim against Agent Henning arises from the same facts as the excessive force claim, and the allegations articulate a claim against Agent Henning. Under Illinois law, a battery occurs when a person "intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). Given the allegations, the Court cannot dismiss this claim against Agent Henning. Count 4 shall receive further review against this defendant.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Counts 2 and 3**

The *Bivens* remedy does not extend to Plaintiff's claims in Count 2 against Cashier Cindy and Quality Inn Hotel or in Count 3 against the Drug Enforcement Agency. *Bivens* allows victims of certain constitutional violations by federal **officials** to recover damages in federal court. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (emphasis added). The remedy does not extend to actions against private individuals (*e.g.*, Cashier Cindy) or entities (*e.g.*, Quality Inn Hotel). *Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005) (citing *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 66 & n.2 (2001); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002)). The *Bivens* remedy also does not extend to claims against federal agencies (*e.g.*, DEA). *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Therefore, Plaintiff's claim in Count 2 against a private individual and entity and his claim in Count 3 against a federal agency shall be dismissed with prejudice.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. Plaintiff has failed to demonstrate reasonable efforts to locate counsel on his own or shown that he is effectively precluded from doing so. In addition, he cites no impediments to self-representation. As a college graduate with no disclosed physical, mental, medical, language, or educational barriers, Plaintiff appears capable of representing himself in this matter. Given that his Complaint is coherent and well-organized (and survived screening), the Court sees no reason to assign Plaintiff counsel at this time. However, if his situation changes, Plaintiff may renew his request by filing a new motion, after first attempting to locate counsel on his own.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **4** will proceed against Defendant **HENNING**. However, **COUNT 2** is **DISMISSED** with prejudice against Defendants **CINDY** and **QUALITY INN HOTEL**, and **COUNT 3** is **DISMISSED** with prejudice against Defendant **DRUG ENFORCEMENT AGENCY OF SOUTHERN ILLINOIS**. **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues in this Merits Review Order.**

**The Clerk of Court is DIRECTED to TERMINATE Defendants CINDY, QUALITY INN HOTEL, and DEA as parties to this action in CM/ECF and ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant Henning; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant Henning pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint (Doc. 1), and this Memorandum and Order.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/9/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**