IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD V. SNOWDEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 19-cv-01322-JPG |
| JEREMY HENNING, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on Defendant Jeremy Henning's Motion to Dismiss for Failure to State a Claim (Doc. 24) and Motion to Substitute Party (Doc. 25). Plaintiff Donald Snowden filed this *pro se* action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), claiming that he was subjected to the unauthorized use of force incident to his arrest without a warrant by Special Agent Jeremy Henning ("Agent Henning") of the Drug Enforcement Administration on September 12, 2019. (Doc. 1). He seeks money damages. (*Id*. at 7). The Court screened this matter pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed with an excessive force claim (Count 1) pursuant to *Bivens* and an Illinois battery claim (Count 4) pursuant to 28 U.S.C. § 1367(a). (Doc. 15).

In lieu of an answer, Agent Henning filed a Motion to Dismiss *Bivens* Claim in Count 1 (Doc. 24) and a Motion to Substitute the United States as Defendant in Count 4 and convert the action to one brought pursuant to the Federal Tort Claims Act ("FTCA") (Doc. 25). Plaintiff opposes both motions on the ground that he specifically intended to file a *Bivens* action, not an FTCA claim, and he wishes to proceed with his damages claim against Agent Henning under *Bivens*. The Motion to Dismiss is **GRANTED**, and the Motion to Substitute is **DENIED**.

1

## BACKGROUND

Plaintiff filed this action during his federal pretrial detention on a methamphetamine distribution charge. *See United States v. Snowden*, No. 19-cv-40081-JPG (S.D. Ill. 2019). In the Complaint, Plaintiff alleges that he was subjected to the unauthorized use of force incident to his arrest without a warrant on September 12, 2019. (Doc. 1, pp. 6, 9). As Plaintiff stood at the front desk of the Quality Inn located in Carbondale, Illinois, Agent Henning approached him and repeatedly punched him in the face, injuring his left eye socket. (*Id*. at 6, 9-10). Plaintiff claims that the force was unauthorized and unprovoked. (*Id*.).

The Court screened the Complaint pursuant to Section 1915A on March 9, 2020. (Doc. 15). Plaintiff was allowed to proceed with a claim against Agent Henning for the unauthorized use of force during his arrest without a warrant on September 12, 2019, in violation of his rights under the Fourth and/or Fourteenth Amendments[1] and pursuant to *Bivens*. (Count 1). He was also allowed to proceed with a supplemental state law battery claim. (Count 4).

On July 8, 2020, Agent Henning filed a Motion to Dismiss Count 1. (Doc. 24). Along with the Motion, Agent Henning filed a copy of the arrest warrant issued after a finding of probable cause on September 10, 2019—two days prior to Plaintiff's arrest. (Docs. 24-1 and 24-2). Citing the United States Supreme Court's decision in *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843 (2017), Agent Henning argues that Count 1 presents a new context and an unauthorized expansion of the remedy contemplated in *Bivens*. (*Id*.). He asks the Court to dismiss Count 1 pursuant to

---

[1] The Court's reference to the Fourteenth Amendment Due Process Clause in the Screening Order was in error. The Fourteenth Amendment Due Process Clause does not apply to federal actors, but the Fifth Amendment Due Process Clause does. This is a distinction that makes no difference here. *See Bowles v. Willingham*, 321 U.S. 504 (1994) (noting that the "restraints imposed on the national government . . . by the Fifth Amendment are no greater than those imposed on the States by the Fourteenth."). The Court simply notes that Count 1 involves a claim against Agent Henning under the Fourth or *Fifth* Amendment, rather than the Fourth or Fourteenth Amendment.

Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id*.). He also filed a Motion to Substitute the United States as a defendant in Count 4 pursuant to the Westfall Act and allow the claim to proceed under the Federal Tort Claims Act. (Doc. 25).

On August 11, 2020, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim on Count 1. (Doc. 29). Plaintiff asserts that he intended to pursue relief against Agent Henning under *Bivens* and not against the United States under the Federal Tort Claims Act. (*Id*.). Plaintiff argues that his claim presents no new *Bivens* context and no special factors weigh against an implied damages remedy here. (*Id*.). Moreover, the FTCA provides an inadequate remedy. (*Id*.).

## DISCUSSION

**A.     Count 1**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion, the complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 570.

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff.

*McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).  The Court must "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Markor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Ordinarily, to the extent a motion filed under Rule 12(b)(6) presents matters outside of the pleadings which the Court opts to consider, the Court must treat the motion as one for summary judgment pursuant to Rule 12(d) and 56 of the Federal Rules of Civil Procedure.  However, the Court may take judicial notice of matters that are in the public record when deciding a motion to dismiss.  *Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003).

In *Bivens*, the United States Supreme Court recognized an implied damages action against federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures.  *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Bivens alleged that federal drug agents entered his home and arrested him for federal drug violations apparently without probable cause or a warrant.  *Id*. at 389-90, n. 1.  They cuffed him within view of his wife and children, threatened to arrest his family, and searched his apartment before interrogating, booking, and visually searching him.  *Id*. at 389.  When Bivens sued, the trial court dismissed the case for failure to state a claim, and the court of appeals affirmed.  *Id*. at 390.

The Supreme Court rejected the argument that his remedy for this misconduct should be limited to a state court damages claim.  *Id*.  The Court instead concluded that "the Fourth Amendment operates as a limitation upon the exercise of federal power regardless of whether the State in whose jurisdiction that power is exercised would prohibit or penalize the identical act if engaged in by a private citizen." *Id*. at 392.  The Court went on to find that Bivens stated a cause

4

of action under the Fourth Amendment and that he was "entitled to recover money damages for injuries he . . . suffered as a result of the Agent's violation of the Amendment." *Id*. at 397.

In the decade that followed, the Supreme Court recognized an implied damages remedy under the Constitution only twice—in a Fifth Amendment gender discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980). At the time the Court decided *Bivens, Davis,* and *Carlson*, the Court implied causes of action to provide remedies that were not explicitly available in statutory texts "as a routine matter." *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 1855 (2017).

In the past three decades, however, the Court has taken a more cautious approach. *Ashcroft v. Iqbal*, 556 U.S. at 675. In *Abbasi*, the Supreme Court warned that "it is a significant step under separation-of-powers principles for a court to determine that it has authority, under the judicial power, to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." *Abbasi*, 137 S.Ct. at 1856. While recognizing that *Bivens* remains good law, the *Abbasi* Court made clear that the Supreme Court has consistently declined to extend *Bivens* "to any new context or new category of defendants," and further expansion of the *Bivens* remedy is "disfavored" judicial activity. *Id*. at 1857 (citing *Iqbal*, 556 U.S. at 675). When asked to extend *Bivens*, courts should first consider whether the request involves a claim that arises in a new context or involves a new category of defendants and then proceed to ask whether any special factors counsel hesitation in granting the extension absent affirmative action by Congress. *Id*. at 1857. Defendant's motion to dismiss thus presents the question of whether extension of the *Bivens* remedy to a claim of excessive force against a federal agent who used force while executing an arrest warrant issued after a finding of probable cause presents a new *Bivens* context or involves a new category of defendants and, if so, whether special factors counsel hesitation about granting

5

the extension.  For the reasons discussed herein, the Court finds that Count 1 does present a new context, and special factors counsel against expansion of the *Bivens* remedy here.

    **1.**    **New Context**

A claim arises in a new *Bivens* context where a case differs in a meaningful way from a previous *Bivens* case decided by the Court.  *Abbasi*, 137 S.Ct. at 1859-60.  Differences may include the constitutional right at issue, the rank of the officer involved, the extent of judicial guidance for the official conduct, the risk of disruptive intrusion by the Judiciary into the functioning of other government branches, or the other special factors not considered in previous *Bivens* cases.  *Id*.  This list is not exhaustive.  *Id*.

Of the three Supreme Court cases recognizing an implied damages remedy under the Constitution (*i.e.*, *Bivens, Davis*, and *Carlson*), *Bivens* has the most overlap with the instant case.  Although similar, the underlying facts of the two cases are different.  *Bivens* involved six federal drug agents entering a home without a warrant, arresting the plaintiff in the presence of his family, and visually searching him.  The instant case involves a single federal drug agent's arrest of the plaintiff in public pursuant to a warrant issued two days earlier upon a finding of probable cause.  (*See* Doc. 24-1 and 24-2).

The constitutional right at issue in the cases is also different.  *Abbasi*, 137 S.Ct. at 1859-60.  While *Bivens* tested the constitutionality of the home entry, arrest, and search without a warrant, the instant matter tests the amount of force that can reasonably be used during an arrest.  *Bivens*, 403 U.S. at 389-90.  In *Bivens*, the rights at issue were "primarily rights of privacy."  *Id*.  Here, the right at issue is primarily the right to be free from excessive force incident to an otherwise lawful arrest.  (*See* Docs. 24-1 and Doc. 24-2).

In addition, the officers were acting pursuant to different mandates. In *Bivens*, the officers lacked a warrant and probable cause to make the arrest. *Bivens*, 403 U.S. at 389-90, n. 1. In the instant case, the officer acted pursuant to a warrant issued after a finding of probable cause. (Doc. 24-1 and 24-2). The officers' legal mandate in *Bivens* thus differed from the officer's legal mandate here. When determining whether a claim presents a new context, the *Abbasi* Court instructs lower courts to read *Bivens* narrowly. *Id*. at 1856-57. Consistent with this instruction, the Court finds that the differences noted here are meaningful, and Count 1 presents a new *Bivens* context.

2. **Special Factors**

When determining whether special factors counsel hesitation in expansion of an implied damages remedy here, the analysis boils down to whether Congress or the courts should decide to authorize a damages suit. *Abbasi*, 137 S.Ct. at 1857 (citing *Bush v. Lucas*, 462 U.S. 367 (1983)). Courts must refrain from creating a remedy where there are reasons to think that Congress might question the necessity of a damages remedy as part of the system for correcting a wrong and enforcing the law. *Abbasi*, 137 S.Ct. at 1858. Therefore, when presented with the question of whether Congress or the Court should decide to authorize a damages suit, the answer is usually Congress. *Id*.

Defendant argues that the availability of the Federal Tort Claims Act as a potential alternative remedy militates against expansion of a *Bivens* remedy here. The FTCA waives the Government's sovereign immunity from tort suits, but it excepts from the waiver certain intentional torts. 28 U.S.C. § 2680(h). However, Section 2680(h) contains a proviso that *extends* the waiver of sovereign immunity to claims for six intentional torts, including assault and battery, that are based on the "acts or omissions" of an "investigative or law enforcement officer," *i.e.*, a

federal officer "who is empowered by law to execute searches, to seize evidence, or to make arrests." *Id*. This proviso applies to law enforcement officers' acts or omissions that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity or are executing a search, seizing evidence, or making an arrest." *Millbrook v. United States*, 569 U.S. 50 (2013). Although the FTCA does not authorize suit against the United States for the constitutional torts of its employees, the availability of this statutory remedy for the underlying conduct at issue provides an alternative avenue to relief. *See* 28 U.S.C. § 2679(b)(2)(A); *Schweiker v. Chilicky*, 487 U.S. 412, 425, 427 (1988).

Plaintiff argues that the Supreme Court squarely rejected this position in *Carlson* when it found that the FTCA provides an insufficient remedy for constitutional violations by individual officers. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (citing *Carlson*, 446 U.S. at 21) ("Because the *Bivens* remedy is recoverable against individuals, it is a more effective deterrent than the FTCA remedy."). Plaintiff disregards the thirty years of precedent that has since limited expansion of the *Bivens* remedy where no other remedy was available. In *Malesko*, for example, the Supreme Court observed that it has since "rejected the claim that a *Bivens* remedy should be implied simply for want of any other means for challenging a constitutional deprivation in federal court. . . . So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability." *Malesko*, 534 U.S. at 69. More recently, the Supreme Court observed that alternative remedies "need not be perfectly congruent" to preclude a *Bivens* remedy. *Minneci v. Pollard*, 556 U.S. 118, 129 (2012). Since then, the *Abbasi* Court has pointed out that "when alternative methods of relief are available, a *Bivens* remedy usually is not." *Abbasi*, 137 S.Ct. at 1863. And just last week, the Supreme Court observed that the FTCA "opened a new path to relief (suits against the United States) while

narrowing the earlier one (suits against employees)." *Brownback v. King*, -- S.Ct. --, 2021 WL 726222 (Feb. 25, 2021).

The existence of the FTCA as a potential remedy counsels hesitation in recognizing an implied damages remedy for the constitutional violation alleged in this case. Legislative action suggests that Congress did not want a damages remedy is a factor counseling hesitation. *Abbasi*, 137 S.Ct. at 1865. By enacting the law enforcement proviso, Congress signaled that it does not want a damages remedy against individual federal agents. Congress also did not provide a "standalone" damages remedy against federal officers when it enacted the Prison Litigation Reform Act. *Id*. In light of the Supreme Court's expressed caution about extending the *Bivens* remedy, this context must be regarded as new, and special factors counsel hesitation in extending the *Bivens* remedy to include Plaintiff's claim. Accordingly, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) or, alternatively Rule 12(d) and 56 (Doc. 24), shall be granted, and Count 1 shall be dismissed.

**B.     Count 4**

The only other claim remaining in this action is an Illinois battery claim against Agent Henning. (Doc. 15). Generally speaking "when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." 28 U.S.C. § 1367(c)(3); *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012); *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994) ("[W]hen all federal-law claims are dismissed before trial, the pendant claims should be left to the state courts."). There are exceptions to this general rule. For example, the Court may retain jurisdiction when: "(1) the statute of limitations has run on the pendant claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so

that sending the case to another court will cause a substantial duplication of effort; or (3) it is absolutely clear how the pendant claims can be decided." *Sharp Elecs. Corp. v. Metro Life Ins. Co.*, 578 F.3d 505, 514-15 (7th Cir. 2009) (quoting *Wright*, 29 F.3d at 1251) (internal quotations omitted). None of these exceptions warrants retention of jurisdiction over the supplemental claim, as the battery claim is not time-barred under the applicable two-year statute of limitations, the case remains in its infancy, and it is not clear how the claim should be decided. Accordingly, the Court shall relinquish jurisdiction over the battery claim in Count 4, and this claim shall be dismissed without prejudice. Plaintiff may pursue his battery claim in state court, if he wishes to do so.

The Court declines to substitute the United States in place of Agent Henning and convert this matter to an action brought pursuant to the FTCA. (Doc. 25). Plaintiff chose to bring this action pursuant to 28 U.S.C. § 1331 and *Bivens*—not the FTCA. (*See* Doc. 1, p. 1). In his Response, Plaintiff states that he intended to pursue a claim against Agent Henning and not the United States. (Doc. 27). Litigants are free to bring separate suits against joint tortfeasors. *Sterling v. United States*, 85 F.3d 1225, 1228 (7th Cir. 1996). Plaintiff has made clear that he does not wish to name the United States in this lawsuit or bring an FTCA claim against the United States here. There may be many good reasons for this. For one thing, the FTCA forbids a victim to file suit against the United States until first presenting an administrative claim to the appropriate federal agency in an attempt to resolve it without litigation. 28 U.S.C. § 2672. Failure to do so can cost the plaintiff the opportunity to recover damages. *McNeil v. United States*, 508 U.S. 106 (1993). Plaintiff is in the best position to decide whether and when to bring an FTCA claim against the United States. Accordingly, the Motion for Substitution (Doc. 25) shall be **DENIED**.

**Disposition**

**IT IS ORDERED** that Defendant Henning's Motion to Dismiss Count 1 Pursuant to Rule 12(b)(6) or, Alternatively Rule 12(d) and 56 (Doc. 24), is **GRANTED**, and Defendant Henning's Motion to Substitute Party in Count 4 and Dismiss Defendant Henning (Doc. 25) is **DENIED**.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against Defendant **HENNING** because the claim presents a new context and an unauthorized expansion of the implied damages remedy under *Bivens*; **COUNT 4** is **DISMISSED** without prejudice against Defendant **HENNING** because the Court relinquishes jurisdiction over the supplemental state law battery claim pursuant to 28 U.S.C. § 1367(c)(3).

This action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1331 and *Bivens*.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 3, 2021**                    s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **United States District Judge**