## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD V. SNOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-01322-JPG |
| ) | |
| JEREMY HENNING, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

The United States Court of Appeals for the Seventh Circuit remanded this matter for reinstatement of the following claim:

> **Count 1** against Defendant Jeremy Henning for subjecting Plaintiff Donald V. Snowden to the unauthorized use of force during his arrest at the Quality Inn Hotel on September 12, 2019, in violation of his rights under the Fourth Amendment and pursuant to *Bivens*.

*Snowden v. Henning*, 72 F.4th 237 (7th Cir.), *decided* Jun. 27, 2023, *reh'g denied* Nov. 3, 2023.

Count 1 already survived screening against Defendant Henning under 28 U.S.C. § 1915A. (Doc. 15). In lieu of an answer, Defendant Henning filed a Motion to Dismiss for Failure to State a Claim on Count 1. (Doc. 24). After reviewing the matter under Federal Rule of Civil Procedure 12(b)(6), this Court concluded that Count 1 presents a new *Bivens* context and special factors warrant restraint in expanding the implied damages remedy into this context in light of evolving Supreme Court precedent. (Doc. 38). The Court granted the motion to dismiss Count 1. *Id*.

On appeal, the Seventh Circuit held that Count 1 does not present a new *Bivens* context and reversed this Court's dismissal of the *Bivens* claim. *See Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023). The Seventh Circuit recently declined to revisit the issue *en banc*. (Doc. 46). The case has now been remanded for reinstatement of Count 1 against Defendant Henning. *Id*.

1

Pursuant to the Seventh Circuit Court of Appeals' decision and mandate (Doc. 46), the Clerk of Court is **DIRECTED** to **REOPEN** this case and **REINSTATE COUNT 1** against Defendant **JEREMY HENNING**. All other claims and defendants remain dismissed from this action.[1]  **The case caption is hereby MODIFIED as follows: DONALD V. SNOWDEN, *Plaintiff* v. JEREMY HENNING, *Defendant*.**

Defendant is **ORDERED** to timely file an appropriate responsive pleading to **COUNT 1** in the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Defendant Henning need only respond to Count 1 as described in the Merit Review Order**. **(Doc. 15).**

Once Defendant Henning files an Answer, the Court will enter a separate Scheduling and Discovery Order containing further instructions and deadlines for litigation of this claim.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**DATED**: 11/15/2023

**SO ORDERED:**                              s/ J. Phil Gilbert
                                             J. PHIL GILBERT
                                             United States District Judge

---

[1] Count 4, an Illinois state law battery claim, also survived screening against Defendant Henning, prompting this defendant to file a Motion to Substitute United States in his place and convert the claim to one governed by the Federal Tort Claims Act. Plaintiff objected and made it clear that he only intends to pursue a *Bivens* claim against Defendant Henning in this case. This Court dismissed Count 4 without prejudice after relinquishing jurisdiction over that claim. This disposition was not addressed by the Seventh Circuit.