IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD V. SNOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cv-01322-JPG |
| vs. ) | |
| ) | |
| JEREMY HENNING, ) | |
| ) | |
| Defendant. | |

### DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant, Special Agent Jeremy Henning, by and through his attorneys of record in the instant matter, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois and Suzanne M. Garrison, Assistant United States Attorney, moves for a stay of this case stating as follows:

1. While a defendant in a pending federal prosecution, Plaintiff filed this *pro se Bivens* action against DEA Special Agent Jeremy Henning. (Doc. 1).

2. This Court granted Agent Henning's motion to dismiss. (Doc. 38).

3. Plaintiff filed a *pro se* notice of appeal and after his case was docketed in the United States Court of Appeals for the Seventh Circuit, private counsel entered an appearance on his behalf. *Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023). On June 27, 2023, the Court of Appeals reversed this Court's Order granting Agent Henning's motion to dismiss.

4. Thereafter, the Department of Justice granted Agent Henning's request that he be provided with private counsel for the purposes of seeking further review of the adverse ruling of the Court of Appeals. 28 C.F.R. 50.15(a)(11); see also 28 C.F.R. 50.16.

5. Accordingly, on October 3, 2023, and consistent with the directives of the Solicitor General, United States Attorney Crowe and AUSA Garrison withdrew from representation of

Defendant in the Court of Appeals and private counsel, Jeffrey A. Lamken and Eugene Alexis Sokoloff entered their appearances. Thereafter, Defendant Henning filed a petition for rehearing *en banc* on October 11, 2023.

6. On November 3, 2023 the Court of Appeals denied the petition for rehearing *en banc*.

7. The mandate was issued on November 13, 2023.

8. Though a district court is without authority to stay proceedings following remand where there has been a prior denial of a request to stay the mandate by the court of appeals, the mandate rule recognizes that the Court has broad discretion to decide the pace of litigation following remand. *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 841 (7th Cir. 2020).

9. Agent Henning's private appellate counsel have advised that they will file a petition for certiorari on his behalf before or by the deadline of February 2, 2024.

10. This Court has ordered Agent Henning to file a timely responsive pleading to Count 1 of the Complaint. (Doc. 47). Fed. R. Civ. P. 12 does not speak to the time for filing an answer following remand.

11. At present, Agent Henning has two separate sets of counsel. Department of Justice counsel have no authority to move to recall the mandate nor do they have any control over the preparation of a petition for writ of certiorari or the timing of its filing.

12. Agent Henning should not be in the position of proceeding in two forums simultaneously when he is represented by two separate sets of attorneys who are limited in their authority to represent his interests.

13. As a *pro se* litigant in this case, Plaintiff is in violation of this Court's Orders directing him to keep the Clerk advised of his address. (Doc. 9, 15). Plaintiff's address of record

in this case is the Jackson County Jail where he was detained prior to trial. This Court sentenced Plaintiff in his criminal case on August 11, 2022 and judgment was executed on October 3, 2022 upon Plaintiff's delivery to the Bureau of Prisons. *United States v. Snowden*, 19-cr-40081-JPG. Were Agent Henning to file an answer there is no valid address of record for him to transmit it.

14. The instant civil suit arises out of Plaintiff's arrest in his criminal case. As Plaintiff framed the issues in representing himself in his criminal case, he believed the circumstances of his arrest were pertinent to the issues to be decided at trial. On October 30, 2023 Plaintiff's criminal appellate attorney filed an *Anders* brief and has moved to withdraw. *United States v. Snowden*, No. 22-2426. While Plaintiff has made *pro se* filings in response to his attorney's motion to withdraw (some of which reference this civil action and the circumstances of his arrest), there has been no ruling on his appellate counsel's motion to withdraw. Proceeding in this case to discovery would require defense counsel to have contact with a party who is represented in a pending direct appeal of a criminal conviction and sentence, to include his deposition.

15. Discovery in this case should be stayed because a criminal defendant should not be permitted to utilize constitutional tort litigation to interfere with criminal proceedings. A plaintiff in civil litigation has more extensive discovery rights than a criminal defendant, and Plaintiff has attempted to use this case in an effort to obtain discovery pertinent to his criminal prosecution such as by filing a motion to compel production of grand jury transcripts. (Doc. 34). A delay of civil discovery due to the pendency of the criminal appeal helps guard against interference with the criminal proceedings, which are being handled by different government counsel.

16. Agent Henning moves for a stay of these proceedings until: 1) Plaintiff updates his address with the Clerk or obtains counsel to enter an appearance on his behalf; 2) the mandate issues in the direct appeal of Plaintiff's criminal conviction and 3) Agent Henning completes his

right of appellate review in this matter through private counsel to include disposition of any petitions for certiorari before the United States Supreme Court.

WHEREFORE, Agent Henning asks for a stay of these proceedings for the foregoing reasons.

RACHELLE AUD CROWE
United States Attorney


*/s/ Suzanne M. Garrison*
SUZANNE M. GARRISON
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone:   (618) 628-3700
Fax:       (618) 622-3810
E-mail:   Suzanne.Garrison@usdoj.gov


### CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I electronically filed the foregoing

**DEFENDANT'S MOTION FOR STAY**

with the Clerk of Court using the CM/ECF system and I hereby certify that I mailed the document, via the United States Postal Service, certified mail no. 9589 0710 5270 0441 2407 65 to the following non-registered participant:

Donald V. Snowden
JACKSON COUNTY JAIL
1001 Mulberry Street
Murphysboro, IL  62966

*/s/ Jackie Willmann*

4