In The united States of America
For The Southern District of Illinois

Donald V. Snowden
Plaintiff

V.

Jeremy Henning
defendant

No. 3:19-cv-01322-JPG



Response in opposition to
Agent Henning's request for a Stay

To begin with the reasons agent Henning Should be denied a stay in Snowden v. Henning. Agent Henning does not want to answer the complaint to avoid litigation, and it's prejudicing me. The seventh circuit, and the District courts may take judicial notice of matters of Public record when reviewing a complaint see Fosnight v. Jones, 41 F.4th 916, 922 (7th cir. 2022). In United States v. Donald V. Snowden, the arrest warrant agent Henning arrested Snowden on when agent Henning used excessive force, the charges contain 50 grams or more of actual meth. Matters in the public record in the State of Illinois v. Kevin D. McBride case number 2019-CF-348 the delivery McBride was charged with was 5 grams or less of meth. According to the public record, the labs wasn't back and on Nov. 12th, 2019 McBride was released from the Jackson county Jail. The labs




didn't come back until Jan. 14th, 2020. Snowden was charged by a grand jury indictment on 55 grams of actul meth 100% on September 10, 2019. The labs dated from the 55 grams was Sept. 3rd, 2019. The problem is those can't be the same drugs from the alleged drug deal. The case Snowden was charged on Sept. 10, 2019 is fabricated according to matters of the public record. In Pettigrew, searches conducted with a plainly invalid warrant can still violate the fourth amendment id at 557, 563 pettigrew 38 F. 4th at 564. Also, The seventh circuit is not persuaded that abassi or Hernandez v. mesa 140 S.Ct 735, 206, L.Ed. 2d 29 (2001) overturned the line of cases recognizing fourth amendment Bivens claims based on fabricated warrant affidavits and/or grand jury testimony. The Supreme Court previously recognized that a search conducted with a warrant that lacked particularity was equivalent to a warrantless search see Groh v. Ramirez 540 U.S. 551, 558-59, 124 S.Ct 1284 157 L.Ed. 2d 1068 (2004) In Snowden's complaint, he said his arrest was without a warrant, and unreasonable force was used during arrest. Snowden stated a Biven's claim as a pretrial detainee at the time, his claim was screened under the fourth amendment. This takes us to why agent Henning's Stay should be denied. Decisions of the Court of appeal's controls the issues of the stay. The court of appeals for the Seventh Circuit denied re hearing en Banc, no split in the circuit. There's no substantial question of law or any pending cases in the court




to make the Supreme Court overturn its precedent. Agent Henning said he punched Snowden, at least twice during Snowden's trial see Snowden trial transcrip. 124 at 16 He also said it's video of this see Snowden trial transcript 124 at 24-25. Snowden was not charged with resisting arrest and wasn't resisting arrest. If agent Henning answers other wise, then this court should proceed and get into the discovery and depositions on the issues. This court should take 4 issues in deciding if a motion for a stay should be granted, (one) its not likely to simplify the issues, (2) streamline trial, or (3) reduce the burden of litigation on the parties and whether a stay will unduly prejudice or tactically disadvantage the nonmoving party (Berkeley *IEORV. Teradata operations Inc 2019 WL 1077124, at 5 (N.D. ILL march 7, 2019) Courts have inherent power to stay proceedings and to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants (Ston v. Inn. S. 514 u.s. 386 411, 115, S.ct. 1537, 131 L.Ed. 2d 465 (1995) quoting Landis V. n. Am co, 299 u.s. 248, 254, 57 S.ct. 163, 81 L.Ed. 153 (1936) orders staying proceedings must be moderate and within "reasonable limits", Landis, 299 u.s. at 257. The interest of justice will not be served by staying this case. There will be an unfair advantage to give agent Henning a stay in this case. Staying the date over Snowden's objection over the prevailing party in order to give the losing party to extra time to adjust its affairs violates that plain legal duty

and the prevailing party's rights. The district court has a plain legal duty to enter a conforming judgement without undue delay (indep. nail and packing co, Inc v. Perry 214 F.2d 670, 672-73 (7th cir. 1954) discovery should be completed before a stay should be granted, and to establish facts and allow for orderly disposition of case once the mandate issues. Its unlikely the supreme court will grant certorai, The Fourth amend. use of force applied during arrest a new context exist after egbert only if the officer's employing agency is "different" or where the alleged violation occurred on federal land. In ziglar, a new context can exist when a new category of defendants is an issue or when officers operate under a different statutory or legal mandate. Bivens involved a warrantless search and seizure, and "excessive force". A warrant can still be a warrantless warrant if it lacks probable cause see manuel v. Joliet. Snowden cited his arrest was without a warrant, and Snowden cited State of Illinois v. Kevin D. McBride 2019-CF-348 which is matters in the public record which shows the fabricated evidence pertaining to Snowden's arrest and conviction from the alleged drug deal between Snowden, McBride, and C.I. Blackmon. Not only was the arrest based on fabricated evidence giving rise to the warrantless arrest, excessive force was also used during the arrest. Discussing manuel v. city of Joliet, 580 U.S. 357, 137 S.ct 911, 197 L.Ed. 2d 312 (2017) that wouldn't change the Bivens analysis. See also Graham v. Connor, 490 U.S. 386, 394, 95, 109 S.ct 1865, 104 L.Ed

2 d 443 (1989). Pre-trial restraint on liberty Probable cause, The Fourth amendment is tailored explicitly For the criminal justice system, and it always has been thought to define the appropriate process for seizures of persons in criminal cases, including the detention of suspects pending trial. Pre-trial detention can violate the Fourth amend. not only when it precedes, but also when it Follows the Start of a legal process in a criminal case. So, agent Henning citing the warrant, the determination of probable cause can still go wrong if the proceeding is tainted and the result is that probable cause is lacking. At the time of complaint, Snowden was a pre-trial detainee and Manuel the Fourth amendment, Quoting Manuel V. Joliet. In Manuel, the Supreme Court Followed it precedent Gerstein V. Pugh 420 U.S 103, 95 S.ct 854, 43 L.Ed 2d 54 and also the appropriate process For seizures of persons. Because the judge's determination of probable cause was based solely on Fabricated evidence, it did not expunge Manuel's Fourth amend Claim. Manuel Stated a claim when he sought relief not merely For his arrest, but also for his pre-trial detention. Also, See Albright V. Oliver 510 U.S. 266, 274, 114 S.Ct. 807 127 L. Ed 2 d 114 (1994) The court has done nothing to satisfy the probable cause. In green Point tactical 38 F.4th 555, 563-64 (7th cir. 2022 Suggesting in the alternative holding that Federal officers could be sued under Bivens when they Searched a home and other properties

pursuant to a Fabricated warrant affidavit.
Snowden challenged his arrest in his criminal trial as well as in his Bivens claim. To rebut Agent Henning's theory that Snowden is using his Bivens claim as a vehicle to challenge his criminal case, Snowden's allegations is not based on conclusory allegations, Snowden produced supporting evidence in his complaint and Stated a plausable claim of excessive force. There's video of the arrest, cited in his complaint, agent Henning admitted to punching Snowden at least twice. Snowden stated he did not resist, and there's no record of Snowden being charged with any resisting arrest. Snowden suffered 2 black eyes which there's a photo of this in his P.S.I. From when Snowden spoke to probation for to see if he could've been released on bond. So, the evidence supporting Snowden's excessive force, unreasonable force during arrest Biven's claim, is supported with evidence that's Known to the court, and the public. Also, Snowden claimed his innocence throughout trial, and throughout his criminal appeal. To support his warrantless arrest theory he used matters in the public record as Henning used matters in the public record as well. Agent Henning used the arrest warrant from a Grand jury indictment dated Sept. 10, 2019. Snowden used State of Illinois v. Kevin D. McBride case no. 2019-CF-348 which is the case that made Snowden get Federally indicted from the delivery McBride allegedly made to C.I. Blackmon

The labs weren't back when Snowden was indicted Sept of 2019. The labs didn't come back until Jan 2020 which is after Snowden was indicted on 55 grams 100% methamphetamine with a lab report dated Sept. 3, 2019. Snowden showed supporting evidence on his arrest without a warrant, because of supporting case law Manuel v. Joliet, Groh v. Ramirez which are Supreme court cases, considers fabricated warrant affidavits and/or grand jury testimony was equivalent to a warrantless search. Quoting manuel v. Joliet, A warrant can still be a warrantless warrant if it lacks probable cause. Snowden did not fabricate his claim, there's ample supporting evidence, which in turn, should proceed to the discovery and depositions and prepare for trial or agent Henning can try to negotiate a settlement. Snowden entered judgement against agent Henning. He asked for compensatory damages and punitive damages which in turn, punitive damages are to deter future wrongdoing meant to punish the defendant's conduct see Carlson, 446 U.S. at 22, 100 S.ct. 1468, and Drakeford, 792 F.3d at 387 citing Cooper Indus. Inc. v. Leatherman Tool Grp. Inc 532 U.S. 424, 432, 121 S.ct. 1678 149 L.Ed.2d 674 (2001) To give agent Henning a stay would cause even more harm to Snowden. Snowden is suffering from PTSD, and is in a high security USP for inmates with high security as Snowden is not high security. Snowden was denied a stay when he asked for release pending appeal, as the court said its no extrordinary and compelling reasons.




This is also true with agent Henning, there are no extrordinary and compelling reason's cited by agent Henning to warrant a stay. To wait on Snowden's criminal appeal could take a unlimited time frame. Snowden's criminal appeal has been on appeal since August of 2022. The briefs are currently suspended pending deposition or disposition of attorney amelia Clegg's Anders Brief. Snowden has had a total of 3 attorneys on his criminal appeal which withdrew or is asking permission to withdraw. So, its still issues that might need briefed which can take an unlimited amount of time. But Snowden produced evidence to the court of appeals to show that the evidence used to convict was fabricated and false evidence. Snowden believes there should be a Franks hearing to give the court the evidence it needs to overturn his conviction. So, waiting for Snowden's criminal appeal could take a while. Agent Henning should answer the complaint, and go through discovery or deposition if he believes Snowden has no merit. Snowden already stated a plausible claim, and at the motion to dismiss stage, everything is considered to be true from Snowden. If agent Henning wants to ask for summary judgement for qualified immunity, then we should proceed to the discovery. Either way, waiting for agent Henning to writ to the Supreme Court doesn't stop the case from being able to proceed to the discovery and depositions of the case. There's plenty case law to back it up. There's no rule stating the case should



be Stayed while waiting to file a writ to the Supreme court. The court of appeals issued its mandate, and agent Henning could've asked the court of appeals to stay or withdraw its mandate, but he must support his reasons with a substantial question of law (rule 41). There's no supporting cases in the court to change the supreme court's precedent. The Seventh circuit was thourough in its unanamous decision. Snowden was an amicus curie in the Supreme Court in Egbert v. Boule. Several issues were presented to the Supreme Court of the United States when Snowden's attorneys done an amicus brief in the Supreme court in Egbert v. Boule. Snowden's context is not new, its not different in a way that implicates the seperation-of-powers calculus. Abbasi, 582 U.S at 134, 139-40. Bivens claims like Snowden's stem from run-of-the mill allegations of excessive force during arrest. Henning points to the availability of a remedy under the FTCA. Carlson concluded victims of the kind of intentional wrong doing alleged in this complaint shall have an FTCA action against the united States as well as a Bivens action against the individual. So, there's no question of law cited by agent Henning to require a stay. Therefore, Snowden asks this court to deny agent Henning's request for a Stay.

Certificate of Service

I, Donald V. Snowden, hereby certify, that I mailed with paid postage a 10 page response to agent Henning's request for a stay, on Dec. 3rd, 2023 (12-3-2023) to clerk of Court, 301 W. main ST, Benton, IL 62812

Clerk
United States District court
for the Southern District of ILLinois
301 W. main ST.
Benton, IL 62812

Donald V. Snowden
Donald V. Snowden
#14480-025
USP-McCreary
P.O. Box 3000
pine knot, Ky 42635

Name Donald V. Snowden
Reg. No 14480-025 Unit 3A
United States Penitentiary McCreary
P.O.Box 3000
Pine Knot, KY 42635

KNOXVILLE TN 377
4 DEC 2023 PM 4 L

PURPLE HEART FOREVER USA

PURPLE HEART FOREVER USA

"Legal mail"

MAIL CLEARED
US MARSHALS

Clerk of Court
United States District Court
301 w main St.
Benton, IL 62812

"Legal mail"

62812-136201

RECEIVED

DEC 1 1 2023

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLIN
BENTON OFFICE

Legal Mail

Legal Mail