IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD V. SNOWDEN,** <br> **#14480-025,** <br> <br> Plaintiff, <br> <br> vs. <br> <br> **JEREMY HENNING,** <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-01322-JPG <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on a Motion to Stay (Doc. 49) filed by Defendant Jeremy Henning and a Motion to Clarify (Doc. 55) filed by Plaintiff Donald Snowden. For the reasons set forth below, the request to stay is **DENIED**, and the request for clarification is **GRANTED**. Henning is **ORDERED** to file an Answer to the Complaint by **February 16, 2024.**

## Background

Plaintiff Donald Snowden brought this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violations of his rights under federal and state law stemming from allegations of excessive force incident to his arrest on September 12, 2019. The Court screened the Complaint under 28 U.S.C. § 1915A and allowed Snowden to proceed with two claims against Drug Enforcement Agent Jeremy Henning, including a Fourth Amendment claim of excessive force pursuant to *Bivens* (Count 1) and an Illinois battery claim (Count 4). (Doc. 15). In lieu of an answer, Henning filed a motion to dismiss Count 1 for failure to state a claim (*see* Doc. 24) and a motion to substitute the United States as a defendant in Count 4 and convert that claim to one governed by the Federal Tort Claims Act (FTCA) (*see* Doc. 25). Snowden opposed both motions

1

(*see* Doc. 29), arguing that he intended to pursue relief only against Henning under *Bivens* and not against the United States under the FTCA.

This Court granted Henning's motion to dismiss Count 1 under Rule 12(b)(6), in light of evolving Supreme Court precedent. (Doc. 38). The Court denied the motion to substitute the United States in Count 4, but also relinquished supplemental jurisdiction over the state law battery claim and dismissed it without prejudice from this action. *Id*. An Order Dismissing Case and Judgment were entered. (Docs. 38 and 39). Snowden appealed. (Doc. 40).

The Seventh Circuit reversed the district court's dismissal of Count 1 on appeal, after finding that the Fourth Amendment claim was not meaningfully different from the claim at issue in *Bivens*, itself. *See Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023). Henning filed a petition for rehearing *en banc*, which was denied November 13, 2023. (Doc. 46). Pursuant to the Seventh Circuit Court of Appeals' Decision and Mandate, the case was remanded for reinstatement of Count 1 against Henning. *Id*. This Court reopened the case two days later and ordered Henning to file an Answer. (Doc. 47). Henning instead filed a Motion to Stay (Doc. 49), and Snowden filed a Motion to Clarify (Doc. 55).

## Motion to Stay

Henning seeks a stay of district court proceedings on three grounds: (1) Snowden is not in compliance with the district court's order to update his address and cannot be contacted through counsel because he is proceeding *pro se* in this case; (2) Henning is preparing a petition for a writ of certiorari and is currently represented by two different sets of attorneys; and (3) Snowden's direct appeal of his criminal conviction is ongoing subject to a decision on an *Anders* brief filed by Snowden's attorney. (Doc. 49). Standing alone or in combination, these grounds are insufficient to warrant a stay of district court proceedings at this time.

1.     **Snowden's Failure to Update Address**

First, Snowden's failure to update his address provides inadequate grounds for staying this case. Snowden signed and submitted written notice of his address change on November 21, 2023, and the Court received it on November 28, 2023. (*See* Doc. 27). His notice was filed less than a week after this case was reopened,[1] and it is considered timely. Snowden is reminded of his ongoing obligation to advise the Court of any address change within **fourteen (14) days** of relocation. He is also reminded that his failure to do so could result in dismissal of this case for failure to comply with a court order and/or prosecute his claims. *See* FED. R. CIV. P. 41. However, the short delay in notifying the district court of an address change here provides no basis for staying district court proceedings.

2.     **Henning's Plans to File a Petition for Writ of Certiorari**

Second, Henning's plan to file a petition for certiorari review provides no basis for this court to stay district court proceedings. Henning is essentially asking the district court to refrain from any action on the Court of Appeals' Mandate while waiting to see if the Supreme Court grants his yet-to-be-filed petition and overturns the Seventh Circuit's decision. The district court is simply not vested with this authority.

Granting a stay would run afoul of the "mandate rule." According to that rule, a district court has an obligation to follow the judgment of a reviewing court. *In re A.F. Moore & Assoc.*, 974 F.3d 836, 839-40 (2020) (citing *Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014)). When a Court of Appeals reverses and remands a case, the district court is required to comply with

---

[1] According to the prison mailbox rule, ". . . [A] pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). According to Snowden's Notice of Address Change (Doc. 50), this date was November 21, 2023.

3

the express or implied rulings of the appellate court. *Id*. (quoting *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000). The spirit and letter of the Seventh Circuit's Mandate is clear: Count 1 is reinstated against Agent Henning.

Moreover, 28 U.S.C. § 2101(f), governing the timing, docketing, and stays of appeals to the United States Supreme Court, vests authority to stay an appeal in the "judge of the court rendering the judgment or decree" or "justice of the Supreme Court"—not the district court:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. **The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court**. . . .

28 U.S.C. § 2021(f) (emphasis added). The Seventh Circuit explains that "by permitting only a judge of the court that rendered the reviewable judgment or a justice to stay a judgment pending certiorari, § 2101(f) precludes a district judge from doing so." *In re A.F. Moore & Assoc.*, 974 F.3d at 839 (citing *Whitehead v. Frawner*, 2019 WL 4016334, at *1 (D.N.M. Aug. 26, 2019) ("Virtually every court to have considered this question has reached the same conclusion."). Given this language, this district court concludes that it lacks authority to stay this case. The proper avenue to this relief is not a motion to stay filed in the district court, but rather a request for this relief in the Court of Appeals or Supreme Court.

Henning admits this much. The defendant acknowledged that a motion to recall or stay mandate should have been filed in the Court of Appeals. However, United States Attorney Rachelle Crowe and AUSA Suzanne Garrison withdrew from Henning's representation in the Court of Appeals on October 4, 2023, after the Department of Justice (DOJ) granted his request

for private counsel to represent him in challenging the Court of Appeals' decision.[2]  Henning's private appellate counsel entered their appearances[3] on his behalf and filed a petition for rehearing *en banc* that was denied November 3, 2023.  (Doc. 49, ¶¶ 5-6).  Counsel also agreed to file a petition for certiorari review on his behalf, but they filed no motion to stay or recall the mandate in the meantime.  (Doc. 49, ¶ 9).  And, DOJ counsel has no authority to file the motion. *Id*.  While that may be true, this district court still lacks authority to step into the shoes of the Court of Appeals and decide whether to stay or recall the mandate here.

3.     **Direct Appeal of Criminal Case**

The Court notes Henning's remaining concerns about Snowden's direct appeal of his criminal case.  This includes potential conflicts in pursuing related claims and discovery including depositions.  Snowden's appellate counsel has filed an *Anders* brief, and it remains pending.  The trajectory of the criminal appeal is uncertain.  For now, the pending appeal provides neither sufficient nor independent grounds for staying this case.  Henning's Motion to Stay (Doc. 49) is **DENIED**.

### Motion for Clarification

Plaintiff seeks clarification about the status of Count 4, and his motion for clarification (Doc. 55) is **GRANTED**.  This Illinois state law battery claim survived screening.  (Doc. 15).  Defendant Henning filed a motion to substitute the United States in his place and convert this claim to one governed by the Federal Tort Claims Act.  (Doc. 25).  Snowden objected and made clear

---

[2] Although Snowden filed the notice appeal while he was *pro se*, private counsel entered an appearance on his behalf.  *Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023).  After the Seventh Circuit reversed this Court's decision on appeal on June 27, 2023, the DOJ granted Henning's request for the ongoing assignment of private counsel for purposes of seeking further review of the adverse ruling.  (Doc. 49, ¶ 4) (citing 28 C.F.R. 50.15(a)(11); *see also* 28 C.F.R. 50.16).
[3] This includes Attorneys Jeffrey A. Lamken and Eugene Alexis Sokoloff.

that he did not intend to pursue an FTCA claim against the United States in this action. (Doc. 29). Therefore, the Court denied the motion to substitute. (Doc. 38). However, it also relinquished supplemental jurisdiction over the state law claim in Count 4 and dismissed it without prejudice. *Id*. Snowden did not appeal the dismissal of this claim.[4] (Doc. 46). Count 4 remains dismissed without prejudice.

## Disposition

For the reasons set forth above, Defendant Jeremy Henning's Motion to Stay (Doc. 49) is **DENIED**, and Plaintiff Donald Snowden's Motion to Clarify (Doc. 55) is **GRANTED.** Defendant Henning is **ORDERED** to file an Answer to the Complaint on or before **February 16, 2024.**

**IT IS SO ORDERED.**

DATED: 1/11/2024

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[4] The Seventh Circuit Court of Appeals did not address Count 4, after noting that Snowden limited his appeal to the district court's dismissal of the *Bivens* claim in Count 1: "Snowden limits his appeal to the dismissal of his *Bivens* claim against Agent Henning. The judge's other rulings—dismissing the other defendants at screening and declining to convert the battery claim to one under the FTCA—are not at issue here." *See Snowden v. Henning*, 72 F.4th 237, 241 (7th Cir. 2023).