UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD V. SNOWDEN

      Plaintiff,

    v.

JEREMY HENNING,

      Defendant.

Case No. 19-cv-1322-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Donald V. Snowden's motion to change

venue for the resolution of the only remaining claim in this case (Doc. 69).  That claim is a

*Bivens* excessive force claim against defendant Jeremy Henning stemming from Henning's

September 12, 2019, arrest of Snowden at the Quality Inn Hotel in Carbondale, Illinois, pursuant

to an arrest warrant in a criminal case in this judicial district, *United States v. Snowden*, 19-cr-

40081-JPG.  Henning has responded to the motion (Doc. 73).

Snowden asks the Court to transfer this case from the Southern District of Illinois to any

other judicial district the Court sees fit.  He complains that the undersigned judge, also the judge

on his criminal case, made rulings there that negatively impact this civil case.  Specifically, he

complains of the Court's denial of his motion to suppress and of his pretrial detention without a

detention hearing.  He believes these judicial rulings reveal the "bias and prejudice to unfairly

treat" him of the judges in this judicial district.  Pl.'s Mot. 3 (Doc. 69).

In response, the Government suggests the motion is governed by the standards for a

change of venue in 28 U.S.C. § 1404 and/or for recusal of a judge under 28 U.S.C. §§ 144 or

455.  It notes that Snowden has not provided relevant argument under any of the potential legal

sources and, on the contrary, impermissibly seeks to undermine his criminal conviction in this civil case.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).

## I.      Venue

As a preliminary matter, venue for this civil case is proper in this district; Snowden does not contend otherwise.  The general venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."  28 U.S.C. § 1391(b)(2).  The vast majority, if not all, of the events giving rise to Snowden's claim against Henning arose in the vicinity of a hotel lobby in Carbondale, Illinois, within the Southern District of Illinois.  There, Henning allegedly used excessive force when he arrested Snowden pursuant to a warrant issued by the Clerk of this Court following Snowden's indictment in this district.  Venue is clearly proper here pursuant to 28 U.S.C. § 1391(b)(2).

When venue is proper, requests for a transfer of venue are governed by 28 U.S.C. § 1404.[1]  *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964).  Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  The decision to transfer a case is left to the discretion of the district court.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen*, 376 U.S. at 622.

In deciding a § 1404(a) motion to transfer venue, the Court should consider a number of

---

[1]Section 1404 reads in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer, and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622). The movant has the burden of establishing that the transfer is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. One of these factors is where the litigants are more likely to receive a speedy trial. *Id.*

This is an unusual request to change venue; usually it is the defendant who seeks another forum, not the plaintiff who selected the forum to begin with. Had Snowden wanted a different forum, he could have chosen one when he filed this suit, although the Court doubts whether venue would be proper in any district other than the Southern District of Illinois. The arrest from which the allegations of excessive force arose occurred in this district in connection with a criminal case that was also brought in this district. Snowden has not suggested any other district "where the action might have been brought originally," 28 U.S.C. § 1404(a), and it is not the Court's function to make arguments for him. Snowden himself chose to be here because it was likely the only proper venue under 28 U.S.C. § 1391.

Snowden has not carried his burden of showing that transfer to another district is clearly more convenient to the parties or witnesses.  In fact, he does not even discuss convenience in his motion.  Again, the Court will not craft arguments for Snowden.

As for the fairness of a transfer, other than his own personal dislike or distrust of the undersigned judge—which will be addressed later in this order—and his colleagues, Snowden has not addressed the fairness of the transfer or the interests of justice.  As to those factors, this Court has spent substantial time and resources on moving this case from the original complaint to a dispositive motion on the merits, which remains pending.  This Court is familiar with the background of Snowden's criminal and civil cases and is in a position to give Snowden the speediest resolution of his case either on summary judgment or at trial afterwards.  Snowden has pointed to no other district prepared to process this case more efficiently.

Snowden has not carried his burden of showing that there is another district to which this Court could properly transfer this case or that a transfer is warranted in light of any of the relevant factors.  A transfer under 28 U.S.C. § 1404(a) is simply not warranted.

## II.     Recusal

The Government is correct that Snowden sounds like, if he cannot have this case transferred to another district, he wants the undersigned judge off the case because he believes that judge cannot be fair to him.  Requests for recusal of a particular judge are governed by 28 U.S.C. §§ 144 and 455.

Under 28 U.S.C. § 144, a judge must recuse himself "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial

4

source—some source other than what the judge has learned through participation in the case."

*United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (internal citations omitted),

*overruled in part on other grounds by Fowler v. Butts*, 829 F.3d 788, 791 (7th Cir. 2016); *accord*

*United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993).

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself "[w]here he has a personal bias

or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning

the proceeding." As with § 144, bias justifying recusal under this statute must arise from an

extrajudicial source. *O'Regan v. Arbitration Forums, Inc*., 246 F.3d 975, 988 (7th Cir. 2001).

"[N]either judicial rulings nor opinions formed by the judge as a result of current or prior

proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or

antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787,

807 (7th Cir. 2009) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Snowden has failed to file the affidavit required by § 144. Further, he has failed to point

to any extra-judicial source of alleged bias or prejudice of the undersigned judge, relevant for

recusal under §§ 144 or 455(b)(1). All he points to is the Court's rulings and other proceedings

in his criminal case. Those rulings were on routine matters and did not display the kind of

"deep-seated favoritism or antagonism that would make fair judgment impossible." *White*, 582

F.3d at 807. Indeed, the Court displayed patience with Snowden and entertained each of his

numerous requests with the care and attention it deserved, although it made many decisions

adverse to Snowden. The Court's treatment of Snowden in the past has been the antithesis of

favoritism or antagonism. For these reasons, recusal is not appropriate under §§ 144 or

455(b)(1).

Another basis for recusal is 28 U.S.C. § 455(a). That statute states, "Any justice, judge,

or magistrate of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard set forth by this

provision is objective and "asks whether a reasonable person perceives a significant risk that the

judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637

(7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to

recuse turns not on the judge's actual partiality but on the appearance of partiality. *Hatcher*, 150

F.3d at 637 (citing *Liteky*, 510 U.S. at 548). "Section 455(a) requires recusal if the judge's

impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than

to a hypersensitive or unduly suspicious person." *O'Regan*, 246 F.3d at 988 (internal quotations

omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

Snowden has not alleged anything that could create the appearance of impropriety to a

reasonable, well-informed, thoughtful, third-party observer. All he claims is that the undersigned

judge presided over his criminal case, that the rulings in that case will have an impact the

evidence in this case, and that the judges and prosecutors in this district allowed him to be

detained without a hearing which he believes violated his procedural rights. In fact, Snowden

waived his right to a detention hearing (No. 19-cr-40081-JPG, Doc. 18), and thereafter

repeatedly filed motions seeking to be released on bond, all of which were denied by either the

undersigned judge, a magistrate judge, or the Court of Appeals for the Seventh Circuit. These

are routine decisions by federal judges and do not reasonably appear to create a significant risk

that the undersigned judge will resolve Snowden's civil case on anything other than its merits.

Recusal under § 455(a) is not warranted.

**III.      Conclusion**

On final point is worth mentioning. Snowden appears anxious to undermine aspects of

his criminal case—for example, the fact of the indictment, the validity of the warrant for his arrest, the failure to hold a detention hearing, the denial of his motion to suppress, and his ultimate conviction and sentence—through the proceedings in this case.  This case is not so broad.  The only question here is whether Henning used excessive force when he arrested Snowden.  The validity of the warrant or any other decisions in Snowden's criminal case are beyond the scope of this litigation.

For the foregoing reasons, the Court **DENIES** Snowden's motion for a change of venue and any implied motion for judicial recusal (Doc. 69).

**IT IS SO ORDERED.**
**DATED:  January 24, 2025**


s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**