UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD V. SNOWDEN

      Plaintiff,

  v.

JEREMY HENNING,

      Defendant.

Case No. 19-cv-1322-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Donald V. Snowden's motion for a free copy of the transcript of his deposition on October 2, 2024 (Doc. 71). He says he is indigent and needs this transcript to prepare for pretrial motions, respond to dispositive motions, and prepare for trial.

Defendant Jeremy Henning has responded to the motion (Doc. 74). Henning assures the Court that if he cites Snowden's deposition testimony in any motion, he will attach to the motion the section of the transcript in which that testimony occurs (as he has done with his response). He further challenges the Court's authority to compel a private reporter to provide a transcript free of charge to Snowden as well as Snowden's inability to pay for the transcript himself.

Snowden has not pointed to—and the Court has not independently located—any authority for a Court to order a private reporter to provide a deposition transcript to a litigant free of charge or for the Government to pay a private reporter for a deposition transcript for an indigent party. The Court may direct a Court-employed reporter to prepare a transcript of court proceedings for an indigent litigant at the expense of the United States, 28 U.S.C. § 753(f), but that statute does not provide for payment to private reporters like the one that reported Snowden's deposition.

Nor does Snowden's *in forma pauperis* status give him a right to a privately prepared deposition transcript at public expense.  As a number of courts have noted, "28 U.S.C. § 1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs."  *Nail v. Gutierrez*, No. 1:06-CV-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007) (collecting cases).  Indeed, prisoners have no constitutional right to subsidies from the United States to prosecute litigation.  "[L]ike any other civil litigant, [a prisoner] must decide which of his legal actions is important enough to fund."  *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003).

The Federal Rules of Civil Procedure offer no authority for the "free" transcript Snowden seeks.  Rule 30(f)(3) requires a private reporter transcribing a deposition in a federal case to furnish a copy of the transcript to a party or the deponent "[w]hen paid reasonable charges."  It does not require the reporter to provide it free of charge.

Because Snowden has not cited any authority for the Court to order the private reporter to provide him a copy of his deposition transcript free of charge or at public expense, the Court **DENIES** the motion (Doc. 71).  The Court **ORDERS** that, with any future request for the United States to pay a cost for him or provide him something free of charge, Snowden must show that he is financially unable to pay the specific expense by making a showing similar to that required in 28 U.S.C. § 1915(a)(2), which includes a certified copy of the prisoner's trust account for the previous six-month period prior to his request.

**IT IS SO ORDERED.**
**DATED:  January 24, 2025**

                 s/ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**