UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD V. SNOWDEN

        Plaintiff,

    v.

JEREMY HENNING,

        Defendant.

Case No. 19-cv-1322-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Donald V. Snowden's motion to return property, specifically, a cell phone (Doc. 81). Snowden alleges that it was taken from him during his arrest, but it was not used in any court proceeding and is not relevant to this case. Snowden simply wants to be able to access his social media accounts which contain messages from his late son. Defendant Jeremy Henning has responded to the motion (Doc. 84). He argues that discovery is over in this case and that Snowden should address the matter in his criminal case, first by contacting the prosecutor, then, if he has no success with the prosecutor, by filing a motion in his criminal case.

Henning is correct that a request for return of Snowden's cell phone is beyond the scope of this case. Henning is also correct that Snowden should first communicate with the prosecutor in his criminal case. If that proves unsuccessful, if the Government still possesses the cell phone, and if forfeiture proceedings have not been initiated, Snowden may seek relief under Federal Rule of Civil Procedure 41(g). However, a Rule 41(g) motion in a criminal case will be construed as commencing a new civil case for return of property. "[O]nce a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding. . . ." *United States v. Shaaban*, 602 F.3d 877, 879 (7th Cir. 2010) (emphasis in original). That civil

case will require payment of the filing fee under the Prison Litigation Reform Act.  *Id.*; *United States v. Stevens*, 500 F.3d 625, 629 (7th Cir. 2007).  And if the cell phone is subject to forfeiture proceedings, Snowden may file a claim in that proceeding.  *Wilson v. United States*, 75 F.4th 775, 777 (7th Cir. 2023); *see Troconis-Escovar v. United States*, 59 F.4th 273, 276 (7th Cir. 2023).

In any case, this Court does not have jurisdiction to order return of Snowden's cell phone in this proceeding.  Accordingly, the Court **DISMISSES** the motion (Doc. 81).

**IT IS SO ORDERED.**
**DATED:  February 25, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**